IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DENZIL EARL McKATHAN, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. 15-0611-KD-C |
| vs. | : | CRIMINAL NO. 14-0290-KD-C |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

### ORDER

Having reviewed petitioner's motion to vacate (Doc. 51), the response in opposition filed by the United States (Doc. 53), and petitioner's rebuttal and request for an evidentiary hearing (Doc. 54), the undersigned finds that an evidentiary hearing is advisable in this case particularly in light of the government's failure to address "head on" McKathan's claim that his attorney provided ineffective assistance at sentencing in failing to object to the five-level enhancement based on "a pattern of activity involving the sexual abuse or exploitation of a minor." (*Compare* Doc. 53, at 12-13 *with* Doc. 51, at 20-21 & Doc. 54, at 12.)[1] The government's argument that "the Petitioner has failed to

---

[1] Section 2G2.2 of the Sentencing Guidelines imposes a five-level enhancement if "the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). "The Guidelines commentary defines a pattern of activity as[] 'any combination of *two or more separate instances* of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.'" *United States v. Britt*, 576 Fed.Appx. 959, 962 (11th Cir. Aug. 14, 2014) (emphasis supplied), quoting § 2G2.2, comment, n.1.

"Sexual abuse or exploitation" means any of the following: (A) conduct described in 18 U.S.C. § 2241, § 2242, § 2243, § 2251(a)-(c), § 2251(d)(1)(B), § 2251A, § 2260(b), § 2421, § 2422, or § 2423; (B) an offense under state law, that

(Continued)

establish that in the absence of any alleged error by his attorney, the court would have imposed a lower sentence between 180 (the mandatory minimum) and 188 months[]" (Doc. 53, at 13) is found to be unavailing, at least at present. There is no question but that McKathan was sentenced under the guidelines to 188 months and though the government is certainly correct that the "lowest" sentence petitioner could have received was the statutory minimum of 15 years (that is, 180 months), *see* 18 U.S.C. § 2252A(b)(1) ("Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4) or (6) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, ***but, if such person has a prior conviction under this chapter***, . . ., or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, ***such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years***." (emphasis

---

would have been an offense under any such section if the offense had occurred within the special maritime or territorial jurisdiction of the United States; or (C) an attempt or conspiracy to commit any of the offenses under subdivisions (A) or (B).

U.S.S.G. § 2G2.2, comment, n.1. However, "[t]he commentary excludes from the definition of 'sexual abuse or exploitation' the 'possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor.'" *United States v. Turner*, 626 F.3d 566, 571 (11th Cir. 2010), quoting § 2G2.2, comment, n.1. In other words, the commentary excludes from the definition of "sexual abuse or exploitation" the very crimes— that is, receipt of child pornography (18 U.S.C. § 2252A(a)(2)(A)) and possession of child pornography (18 U.S.C. § 2252A(a)(5)(B))—for which McKathan was convicted in this case and in *United States v. McKathan*, Criminal No. 05-0094-CG. Since the five-level "pattern of activity" enhancement was based upon McKathan's prior conviction in this Court for possession of child pornography (*see* Doc. 36, at ¶ 24), the question becomes why no objection was voiced to the increase in light of the specific commentary to § 2G2.2 of the Sentencing Guidelines.

supplied)), that is also likely the "highest" sentence (that is, 180 months) that he would have received had the Court sustained objection to the five-level enhancement under U.S.S.G. §2G2.2(b)(5).[2]

In addition, setting an evidentiary hearing and appointing counsel will also allow the Court to "streamline" this case and determine the exact issues petitioner intends to "press" in his motion to vacate by requiring counsel to file an amended motion to vacate which specifically delineates and identifies the issues. As it stands now, the undersigned is finding it hard to identify all issues petitioner wishes this Court to address[3] (*compare* Doc. 51 *with* Doc. 54).[4] The amended motion to vacate filed by

---

[2]  This is, of course, because elimination of this enhancement would have reduced McKathan's total offense level to 29 and, with a criminal history category of III, his guideline range would have been 108-135 months. Because this guideline range obviously falls below the statutory minimum of 180 months/15 years, the Court would have been required to sentence petitioner to 15 years imprisonment. However, 180 months is obviously less than 188 months, McKathan's present sentence and, therefore, any error by counsel in failing to object to the "pattern of activity" enhancement could certainly be regarded as prejudicial (by some eight months). (*Compare* Doc. 47, at 5 ("THE COURT: Now, you understand that I am required to give you at least 15 years?") *with* Doc. 48, at 6-7 ("THE COURT: Well, first of all, a lot of these cases I question the guidelines, but in this case I find the guidelines to be appropriate for all the reasons that the Government just stated. . . . However, I've also considered that you did plead guilty. You've taken acceptance of responsibility. So I find that a 188-month sentence is appropriate.").)

[3]  While McKathan initially appears to acknowledge in his motion to vacate that his sole claim is one of ineffective assistance of counsel (Doc. 51, at 2), he then immediately confuses matters by concentrating the first four pages of his attached memorandum of law on the Fifth Amendment and *Minnesota v. Murphy*, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984) (*id.* at 4-7), before turning his focus back to the actions of his trial attorney (*id.* at 8). For its part, the government understood petitioner to be making "independent" Fifth and Fourth Amendment challenges (Doc. 53, at 4-7); however, it is unclear to the undersigned that McKathan truly desires to raise such independent claims. Appointed counsel can certainly put an end to all such confusion.

[4]  Moreover, the Court is unable to wrap its head around certain arguments petitioner seems to be making. For instance, his suggestion in his reply that the indictment should have been dismissed because any and all evidence before the grand jury was tainted (*see* Doc. 54, at 2) can simply find no traction given that an indictment is not invalidated by the grand jury's consideration of incompetent or unconstitutionally-obtained evidence. *See Bracy v. United States*, 435 U.S. 1301, 1302, 98 S.Ct. 1171, 1172, 55 L.Ed.2d 489 (1978) (denying application) ("The grand jury does not sit to determine the truth of the charges brought against a defendant, but only to determine whether there is probable cause to believe them true, so as to
(Continued)

counsel will **SUPERCEDE** the motion to vacate filed by McKathan (*see* Doc. 51) and will be regarded as the operative pleading in this case. *See, e.g., Rosa v. Florida Dep't of Corrections,* 522 Fed.Appx. 710, 714 (11th Cir. Jun. 26, 2013) ("Under the Federal Rules of Civil Procedure, 'an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.'" (quoting *Krinsk v. SunTrust Banks, Inc.,* 654 F.3d 1194, 1202 (11th Cir. 2011)).

In light of the foregoing, this cause shall come on for an evidentiary hearing before the undersigned on Thursday, **August 11, 2016**, at 9:00 a.m., in Courtroom 3A,

---

require him to stand his trial. Because of this limited function, we have held that an indictment is not invalidated by the grand jury's consideration of hearsay, . . ., or by the introduction of evidence obtained in violation of the Fourth Amendment . . . . While the presentation of inadmissible evidence at trial may pose a substantial threat to the integrity of that factfinding process, its introduction before the grand jury poses no such threat."); *United States v. Calandra,* 414 U.S. 338, 344-345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974) ("The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence . . .[,] or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination[.]"); *In re Grand Jury Proceedings,* 142 F.3d 1416, 1425 (11th Cir. 1998) ("Recognizing the independence of the grand jury, the Court has explained that although the grand jury 'may not itself violate a valid privilege,' it may consider incompetent evidence . . ., as well as evidence obtained in violation of the Fourth Amendment. . . . Furthermore, Supreme Court precedent suggests that a grand jury indictment obtained through the use of evidence previously obtained in violation of the privilege against self-incrimination is nonetheless valid."). Against this backdrop, petitioner's additional prosecutorial misconduct argument related to evidence presented to the grand jury (*see* Doc. 54, at 13-16) obviously fails, the cases cited by McKathan, *United States v. Hubbell,* 530 U.S. 27, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000) and *United States v. Holloway,* 74 F.3d 249 (11th Cir. 1996) being factually and legally inapposite to the present case. *Compare Hubbell, supra,* 530 U.S. at 29-30, 120 S.Ct. at 2040 ("The two questions presented concern ***the scope of a witness' protection against compelled self-incrimination***: (1) whether the Fifth Amendment privilege protects a [] ***witness*** from being compelled to disclose the existence of incriminating documents that the Government is unable to describe with reasonable particularity; and (2) ***if the witness produces such documents pursuant to a grant of immunity***, whether 18 U.S.C. § 6002 prevents the Government from using them to prepare criminal charges against him." (footnotes omitted; emphasis supplied)) *with Holloway, supra,* 74 F.3d at 250 ("In this criminal appeal, ***the district court dismissed an indictment because an assistant United States Attorney***, at the taking of depositions in a civil matter, ***assured the appellees that no criminal prosecutions would be brought against them***. We affirm." (emphasis supplied)).

United States Courthouse, Mobile, Alabama. **Arthur Madden, Esquire,** is hereby appointed to represent petitioner in connection with the August 11, 2016 evidentiary hearing and should file a notice of appearance as counsel of record for Mr. McKathan not later than **April 26, 2016**. The Clerk of Court is directed to add Mr. Madden to the service list and to serve all filings by the Government and orders from this Court on both petitioner and Mr. Madden. All future filings on behalf of the petitioner are to be made by counsel and, to this end, Mr. Madden is **ORDERED** to file an amended § 2255 motion not later than **June 3, 2016** and therein identify all claims of ineffective assistance of counsel (and any other legitimate claims) which petitioner wishes to pursue during the evidentiary hearing.[5] The August 11, 2016 evidentiary hearing will be limited in scope to those claims raised in the amended § 2255 petition.

A separate Writ of Habeas Corpus Ad Prosequendum will issue to arrange for McKathan's presence at the hearing.

**DONE** and **ORDERED** this the 12th day of April, 2016.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[5] If it wishes, the government can file any written response in opposition to the amended motion to vacate not later than **July 8, 2016.**