**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Criminal Action No. 14-00290-KD-C** |
| **DENZIL EARL McKATHAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on the motion for compassionate release or reduction of sentence filed by Defendant Denzil Earl McKathan which the Court construes as brought pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 164). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

As grounds, McKathan states that extraordinary and compelling circumstances exist because he "is immune from criminal liability, yet is imprisoned notwithstanding that immunity" (Id., p. 1).  In support, McKathan cites testimony from the evidentiary hearing, which was held upon remand of his motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 164, p. 1-3, citing doc. 161, hearing transcript; doc. 163, order denying the motion).  McKathan argues that the Court has "refused to rule on the immunity issue, presumably because such a ruling would not benefit the government" (doc. 164 p. 3). He argues that the "Court should grant compassionate release or reduction in sentence as a partial remedy to cure the harm caused by the governments unlawful use in a criminal case of lawfully (to an extent such as for use in a revocation hearing) acquired statements and evidence. There is no case but for a Fifth Amendment violation. The Court should take action to give legal effect to the Fifth Amendment, rather than continue to facilitate that violation by jailing petitioner notwithstanding immunity" (doc. 164 p. 3).  McKathan

appears to argue that but for the United States' violation of the Fifth Amendment, there would be no basis for the revocation, and thus, no basis for the revocation sentence he is now serving.

To obtain a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Court of Appeals for the Eleventh Circuit has held that Policy Statement U.S.S.G. § 1B1.13 applies to motions pursuant to 18 U.S.C. § 3582(c)(1)(A).  United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021) (holding that "1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)"). The Policy Statement lists four circumstances as examples of extraordinary and compelling reasons under § 3582(c)(1)(A)(i). Specifically, a terminal illness or a serious condition or impairment, or age-related deterioration of health which substantially limits an inmates' ability to provide self-care while incarcerated; advanced age (at least 64 years old) and serious deterioration of physical or mental health; certain family circumstances involving the spouse or minor children of the defendant; and an extraordinary and compelling reason other than, or in combination with the above, as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1(A)-(D). See Bureau of Prisons Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g).*  Since a sentence reduction based upon the circumstance McKathan presents would not be consistent with the criteria in Policy Statement § 1B1.13 or Program Statement 5050.50, his motion for compassionate release is denied.

**DONE** and **ORDERED** this 26th day of July 2022.


**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**