IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DENZIL EARL McKATHAN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Criminal Action No. 14-00290-KD-C |
| ) | Civil Action No. 15-00611-KD-C |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This action is before the Court on Petitioner Denzil Earl McKathan's motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure and Supplement (docs. 163, 165).[1] Upon consideration, and for the reasons set forth herein, the motion is DENIED for failure to show a defect in the integrity of the remand proceedings.

I. <u>Background</u>[2]

In relevant part, in November 2015, McKathan filed a *pro se* petition to vacate, set aside, or correct his conviction under 28 U.S.C. § 2255.  He asserted that his attorneys had been ineffective, in violation of the Sixth Amendment, because they did not challenge the admission of his statements to his Probation Officer regarding his cell phone and the fruits of those statements, all of which, McKathan alleged, had been obtained in violation of the Fifth Amendment.

---

[1] McKathan's motion for a status conference (doc. 166) and motion for a ruling (doc. 168) are MOOT.

[2] A more detailed history of the events preceding the § 2255 motion is found in the opinion of the Court of Appeals for the Eleventh Circuit and the Court's post-remand order (docs. 123, 153).

1

With the assistance of appointed counsel, McKathan filed an amended §2255 motion asserting, *inter alia*, that his previous attorneys were constitutionally deficient for failing to argue a Fifth Amendment violation as a basis to suppress his statements about his cell phone and his PIN, as well as the evidence derived from the phone. Following an evidentiary hearing, the Magistrate Judge issued a report and recommendation recommending denial of McKathan's § 2255 claim. The report and recommendation were based solely on the finding that McKathan failed to show that his attorneys alleged deficient performance had prejudiced his defense.[3] This Court adopted the report and recommendation.  McKathan was denied a certificate of appealability (COA) and leave to proceed *in forma pauperis* on appeal.

McKathan then moved pursuant to Rule 59(e), Fed. R. Civ. P., for this Court to vacate its judgment and grant his ineffective assistance of counsel claim. In the alternative, McKathan asked the Court to issue a COA on the question of "whether the district court erred in finding that [he] failed to prove Strickland's prejudice prong of his second § 2255 claim." (doc. 99). His motion to vacate the prior judgment was denied, but the Court granted a COA (doc. 110).  McKathan filed a notice of appeal (doc. 112).

The Court of Appeals for the Eleventh Circuit vacated the denial of McKathan's § 2255 motion as to his ineffective assistance of counsel claim and remanded the action for further proceedings.  Because this Court denied McKathan's motion without considering counsel's performance under the first factor in Strickland v. Washington, 466 U.S. 668 (1984), the

---

[3] "In this instance, there is no reason for this Court to discuss the first prong – that is, deficient performance – of the *Strickland* standard inasmuch as McKathan has failed to prove prejudice[.]" (Doc. 84, p. 31-32) (footnote omitted) (citation omitted). See Strickland v. Washington, 466 U.S. 668 (1984).

2

Eleventh Circuit limited its analysis to the prejudice requirement, the second of the Strickland factors. The Eleventh Circuit explained

> In assessing the likelihood of success of a suppression motion based on the Fifth Amendment, we must first evaluate the underlying Fifth Amendment legal issue. If that has merit, we must then consider whether, despite the legal virtue of a Fifth Amendment argument, McKathan's statements and their fruits would have nonetheless been admissible for an independent reason. Only if the answer to this second question is "no" can McKathan demonstrate that a motion to suppress based on the Fifth Amendment would have been reasonably likely to affect the outcome of his case. Therefore, in Section III.A., we evaluate the Fifth Amendment issue. Since we find that it has merit, in Section III.B., we consider whether the government had any independent basis for admission of McKathan's statements and their fruits.

(Doc. 123, p. 16).

The Eleventh Circuit found that "there is a reasonable likelihood that a Fifth Amendment suppression motion would have been successful." (Id., p. 34). As to whether the United States "had any independent basis for admission of McKathan's statements and their fruits[,]" the Eleventh Circuit found as follows:

> In particular, the government suggests that it would have inevitably discovered the evidence of child pornography on McKathan's phone, since McKathan's supervised release required him to consent to reasonable searches, and Goodwin had reason to suspect he was violating the terms of his release. Goodwin's beliefs were based on the following: McKathan had a Facebook account and opened it with an Android phone, and he had an Android phone on his bed.
>
> The "inevitable discovery" doctrine applies when the government can show by a preponderance of the evidence that it would have discovered the evidence by some other lawful means. *See Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016) ("[T]he inevitable discovery doctrine allows for the admission of evidence that would have been discovered even without the unconstitutional source."); *Nix v. Williams*, 467 U.S. 431, 444 (1984). For that doctrine to apply in this Circuit, the government must also demonstrate that before the unlawful activity occurred, it was actively pursuing the lawful means that would have rendered discovery

3

> inevitable. *United States v. Virden*, 488 F.3d 1317, 1322 (11th Cir. 2007). The inevitable-discovery doctrine can apply when a Fifth Amendment violation occurs. *United States v. Martinez-Gallegos*, 807 F.2d 868, 870 (9th Cir. 1987) (per curiam).
>
> Here, in the context of McKathan's § 2255 Case, the district court had no reason to analyze—and the government had no reason to argue—whether the inevitable-discovery doctrine could apply, since the district court determined that McKathan could not prevail on his Fifth Amendment argument.8 For these reasons, the record lacks information that would allow us to assess the viability of an inevitable-discovery argument. Therefore, we cannot determine whether, as a legal matter, the government would have been permitted to search McKathan's phone. Nor can we assess the government's proffer at oral argument that it would have been able to view the contents without compelling McKathan to provide his PIN to unlock it, since it "has tools and has methods, and has used them in many cases to get in[to] [phones] before." Oral Argument at 24:17–24:23.
>
> As a result, we cannot evaluate, in the final analysis, whether there was a reasonable likelihood that the outcome of McKathan's case would have been different, had his counsel filed a suppression motion based on the Fifth Amendment. But because McKathan would have prevailed on the Fifth Amendment suppression issue, it now becomes necessary to consider whether the evidence would have otherwise been admissible.
>
> Therefore, we must vacate the denial of McKathan's § 2255 motion and remand for further proceedings. In those proceedings, the government must receive the opportunity to present any evidence and arguments to show that the evidence from McKathan's phone would have otherwise been admissible, and the district court shall rule on any such arguments. Should the district court conclude that the evidence would have been otherwise admissible, it shall deny the § 2255 motion, since filing the Fifth Amendment suppression motion would not have been reasonably likely to change the outcome in McKathan II. But should the district court determine that the evidence would not have been otherwise admissible, it shall address whether McKathan's counsel performed deficiently by failing to raise the Fifth Amendment issue in McKathan II.

(Doc. 123, p. 37) (footnote 8 omitted).

The parties filed their respective post-remand briefs (docs. 126, 135). McKathan also engaged in limited discovery (docs. 127, 129, 131, 132, 136, 139, 143, 149). The Court held an evidentiary hearing on February 4, 2021.

On February 23, 2021, the Court entered an order finding that "since there is no information that the child pornography would have been discovered through an independent source, the standard to apply is whether it would inevitably have been discovered." (doc. 153, p. 7). Applying the inevitable discovery exception, the Court found that the evidence would have otherwise been admissible (doc. 153, p. 7-11). The Court denied McKathan's § 2255 motion to vacate, and denied a COA and IFP (Id.)

McKathan filed a notice of appeal and notice that he would seek *in forma pauperis* status and a COA in the Eleventh Circuit (doc. 154). On November 30, 2021, the Eleventh Circuit denied McKathan's motion for COA, motion for appointment of counsel, and his motion to proceed *in forma pauperis* was denied as moot (doc. 162).

McKathan has now filed a "Motion to Reopen § 2255 Proceedings under Rule 60(b)(4) and 60(b)(6)" (doc. 163). In a supplement, he moves the Court to construe his motion as also raising a claim under Rule 60(b)(1) because of the "errors and mistakes as set out in the Rule 60(b) motion" (doc. 165). McKathan argues that this Court's order entered February 23, 2021, is subject to Rule 60(b) analysis because the "§ 2255 proceedings were fundamentally defective, incomplete, and antithetical to due process of law." (doc. 163).

II. Rule 60(b)

Rule 60(b) addresses "[r]elief from a judgment or order." The Rule sets forth in relevant part as follows:

5

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, . . .;
>
> (4) the judgment is void; …
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Supreme Court recently held "that a judge's errors of law are indeed 'mistake[s]' under Rule 60(b)(1)." Kemp v. United States, 142 S. Ct. 1856 (2022). "A judgment is 'void' under Rule 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" Clements v. 3M Elec. Monitoring, No. 21-12779, 2022 WL 15146786, at *6 (11th Cir. Oct. 27, 2022) (citation omitted). Rule 60(b)(6) "is available only when the other grounds for relief specified in Rules 60(b)(1)-(5) are inapplicable." Kemp, 142 S. Ct. at 1858.

Rule 60(c)(1) sets forth as follows: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The order on remand was entered February 23, 2021 (doc. 153). McKathan's motion was filed January 14, 2022, within the one-year period for a motion pursuant to Rule 60(b)(1). Although almost a year had lapsed, the Court finds that the motion as to Rule 60(b)(4) and (6) was filed within a reasonable time. The Eleventh Circuit denied McKathan's motion for a COA on November 30, 2021.

A petitioner may file a Rule 60(b) motion to challenge non-merits aspects of a prior habeas proceeding. Williams v. Chatman, 510 F. 3d 1290, 1295 (11th Cir. 2007). In the context

6

of 28 U.S.C. § 2255,[4] when the petitioner's "Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings" it may be considered a proper Rule 60(b) motion. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). If the petitioner "asserts that a previous ruling which *precluded a merits determination* was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar", that might be a proper Rule 60(b) motion. Id., at 532, n.4 (emphasis added).

However, a Rule 60(b) motion that "attacks the federal court's previous resolution of a claim *on the merits,*" or seeks "to add a new ground for relief" constitutes a second or successive habeas petition. Id., at 532 (emphasis in original). Overall, a Rule 60(b) motion is effectively a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims." Id., at 531-32. The motion may "be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits." Id., at 532.

A Rule 60(b) motion may not be used to circumvent the statutory provision that before filing a second or successive § 2255 petition, the petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.A. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) ("*Felker* established a 'bright line rule' that the successive-petition restrictions in § 2244(b) apply to all Rule 60(b) motions filed by habeas petitioners") (quoting Mobley v. Head, 306 F.3d 1096 (11th

---

[4] United States v. Terrell, 141 Fed. Appx. 849, 851 (11th Cir. 2005) ("Although *Gonzalez* addressed a Rule 60(b) motion and decided the issue only under § 2254, … we believe that its holding and rationale apply equally to § 2255, and that it controls the disposition of this appeal.")

Cir. 2002)). The "bar on second or successive motions is jurisdictional"; therefore, the district court lacks jurisdiction to consider a Rule 60(b) motion that is actually a second or successive § 2255 petition unless the petitioner has been granted permission to file from the Court of Appeals for the Eleventh Circuit. In re Morgan, 717 F.3d 1186, 1193 (11th Cir. 2013); Farris, 333 F.3d at 1216 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition"); United States v. Zachery, 581 Fed. Appx. 828 (11th Cir. 2014) (same).

As such, before the Court may address the merits of a Rule 60(b) motion, it must determine whether the motion is an unauthorized second or successive habeas petition. "To determine whether a prisoner's pro se motion is a second or successive § 2255 motion," the Court should "examine the content of the filing and the relief sought." Walker v. United States, 367 Fed. Appx. 67, 68 (11th Cir. 2010). "A party's labeling of a motion is not binding on the Court, which may discard an inappropriate label to render a decision based on the motion's substance." Soto-Herrera v. United States, 2013 WL 1788499, *2 (S.D. Ala. Apr. 26, 2013) (citing Smith v. United States Parole Comm'n, 721 F.2d 346, 348 (11th Cir.1983) (per curiam)). Despite the title, "a motion that collaterally attacks a prisoner's sentence as being unconstitutional is a motion to vacate under §2255." Walker, 367 Fed. Appx. at 68.

III. Analysis

"Ground 1: The 2255 proceedings were defective because the district court failed to reach the merits of multiple claims raised by petitioner that was necessary to fully resolve the case."

McKathan argues that during the remand proceedings he "raised to the district court that: petitioner was immune from criminal liability as a result of his compelled disclosures over a self-executing Fifth Amendment privilege, that the indictment against petitioner would have been dismissed on proper motion, and that United States v. Doe (In re Grand Jury Subpoena Duces

8

Tecum), 670 F. 3d 1335 (11th Cir. 2012) was applicable to the issues presented" (doc. 163, p. 2). He also "argued that 'wholly independent source' was the appropriate analysis to undertake in the context of a Fifth Amendment violation." (Id.). McKathan argues that "the district court ruled on none of these dispositive legal arguments that were properly before it." (Id., p. 3).

The Eleventh Circuit has held that a Rule 60(b) "motion that challenges the district court's failure to reach the merits can be ruled upon by the district court without precertification" by the Eleventh Circuit. Howell v. United States, No. 20-13143, 2022 WL 175484, at *1 (11th Cir. Jan. 19, 2022) (citing Gonzalez, 545 U.S. at 538). "Generally, to attack a defect in the integrity of the § 2255 proceedings and escape treatment as an impermissibly successive § 2255 motion, the Rule 60(b) motion must allege a fraud on the court or a procedural error that prevented the court from reaching the merits of the § 2255 motion." Id., at *2. The Eleventh Circuit has "held that a district court must resolve all claims for relief—defined as any allegation of a constitutional violation—raised in a § 2255 motion, regardless of whether relief is granted or denied and regardless of whether the claims for relief arise out of the same operative facts." Id., at *2 (citing Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*)).

Thus, the Court looks to whether it failed to reach the merits of McKathan's claims during the remand proceedings. To do so, the Court has compared its post-remand order (doc. 153) to McKathan's brief on remand (doc. 135) and oral arguments (doc. 161). McKathan argued that the applicable standard to determine whether the evidence was otherwise admissible was the "wholly independent source" standard, as opposed to the "inevitable discovery doctrine" advanced by the United States (doc. 135, p. 2-7). At the hearing on remand, McKathan argued that he received immunity from prosecution when he answered the Probation Officer's question,

9

i.e., the compelled statements, and that the United States had to show a "wholly independent source" for the compelled statements and evidence found on the phone (doc. 161, p. 6-17). The Court addressed this argument in its order, concluding:

> So, even if illegally obtained evidence was not also found through an independent source, the evidence is still admissible if it inevitably would have been discovered. Only one exception need apply for the evidence to be admissible notwithstanding a prior illegality. Accordingly, since there is no information that the child pornography would have been discovered through an independent source, the standard to apply is whether it would inevitably have been discovered.

(Doc. 153, p. 5-7).

The Court's order did not specifically find that McKathan was immune from "criminal liability as a result of his compelled disclosures over a self-executing Fifth Amendment privilege" such that the indictment against him "would have been dismissed on proper motion" (doc. 163), i.e., a motion to suppress the evidence obtained from the compelled disclosures. The Court did not need to address this claim because the Eleventh Circuit had already determined that McKathan would have prevailed on a Fifth Amendment-based motion to suppress if it had been raised. The issue on remand was whether the evidence obtained from his compelled statements could have been otherwise admissible. Accordingly, the Court finds that the merits of the claims McKathan raised during the remand proceedings were addressed. No defect in the integrity of the habeas process having been identified, this argument does not provide any grounds for relief from the post-remand Order denying McKathan's § 2255 motion.

"Ground 2: The 2255 proceedings were defective because petitioner was improperly denied discovery necessary for a full and fair opportunity to meet the government's case."

10

McKathan argues that during the remand proceedings, he was denied discovery of the Grand Jury testimony by the Homeland Security agent who testified regarding information on McKathan's cell phone (doc. 163, p. 5-6). Specifically, that he "was denied the grand jury testimony of agent Anderson to further the as yet unresolved argument that petitioner's indictment was due to be dismissed, having been predicated entirely upon compelled testimony or evidence derived therefrom" (Id., p. 5). McKathan also argues that during the remand proceedings he was denied discovery of the "KRONOS and PACS" data generated by his Probation Officer. McKathan states that denying this discovery was a violation of due process because he did not receive a full and fair opportunity to rebut the United States' argument regarding inevitable discovery.

As to discovery regarding the Grand Jury testimony, McKathan raises substantially the same arguments for allowing this discovery as were raised in the remand proceedings. (Compare doc. 163, p. 5-6 to doc. 127, McKathan's motion to produce and doc. 131, reply). As to the "chronological entries ("chronos") made" by the Probation Officer and "recorded in PACTS", McKathan previously argued that these entries "go directly to the government's claim of 'inevitable discovery'" (doc. 136, second motion for production; doc. 143, reply).

The Court granted McKathan's first motion to produce in part, allowing information related to the United States' cell phone technology expert (doc. 132). However, the Court denied production of the Grand Jury testimony of the Homeland Security agent. The Court found that

> McKathan has not shown a particularized need for the grand jury testimony. The viability of the indictment is not at issue here; SA Anderson's testimony is not relevant to the issues to be decided in this case. Accordingly, McKathan's motion as to the grand jury testimony is DENIED.

(Doc. 132).

The Court granted McKathan's second motion to produce in part, as stated on the record at the remand hearing (doc. 149). The Court denied the motion except for McKathan's August 2014 monthly supervision report. The Court conducted an *in camera* review of approximately 900 pages of Probation Office entries which included information regarding multiple other defendants, as well as communications with the Court, and found that the entries did not contain information that was relevant to the issues on remand (doc. 161, p. 2-5).

The Court's decision to deny McKathan the full scope of his discovery request was not a defect in the integrity of the remand proceedings. McKathan "is not entitled to discovery as a matter of course." Prada v. United States, 692 Fed. Appx. 572, 574 (11th Cir. 2017) (citing Bracy v. Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). Instead, "[l]eave of court is required to pursue discovery, which courts only grant for good cause." Id. McKathan is challenging the merits of the Court's decision to allow only limited discovery. No defect in the integrity of the habeas process having been identified, this argument does not provide any grounds for relief from the post-remand Order denying McKathan's § 2255 motion.

"Ground 3: The 2255 proceedings were defective because petitioner was held to a standard that is not applicable to § 2255 proceedings."

McKathan argues that instead of the Strickland standard for prejudice, which requires that a "petitioner merely needs to establish a 'reasonable probability' of a different outcome", he was held to the "'McKathan standard' which requires a petitioner to affirmatively prevail on a pre-trial issue – inevitable discovery …"[5] (doc. 163, p. 6). McKathan quotes from the Eleventh

---

[5] McKathan also asserts that he was held to this standard "while simultaneously being denied discovery relevant to the source." He appears to mean the denial of discovery of the Grand Jury

12

Circuit's decision as to the issues to resolve on remand and argues that "without ever receiving any briefing whatsoever on the issue, the Appeals panel established a materially different standard." (Id., p. 6-7).  He argues that this Court "took things a step further" by finding on remand that the compelled statements would have been inevitably discovered when it previously found at the suppression hearing that "there's no inevitable discovery here." (Id., p. 7).

McKathan's argument does not reveal a defect in the remand proceedings.  The Eleventh Circuit did not create a different standard. The Eleventh Circuit explained:

> Therefore, we must vacate the denial of McKathan's § 2255 motion and remand for further proceedings. In those proceedings, the government must receive the opportunity to present any evidence and arguments to show that the evidence from McKathan's phone would have otherwise been admissible, and the district court shall rule on any such arguments. Should the district court conclude that the evidence would have been otherwise admissible, it shall deny the § 2255 motion, since filing the Fifth Amendment suppression motion would not have been reasonably likely to change the outcome in McKathan II. But should the district court determine that the evidence would not have been otherwise admissible, it shall address whether McKathan's counsel performed deficiently by failing to raise the Fifth Amendment issue in McKathan II. *See Strickland*, 466 U.S. at 687.

(Doc. 123, p. 37).   The Eleventh Circuit further explained that

> To establish prejudice McKathan must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. … This inquiry in turn requires an evaluation of the merit of the underlying Fifth Amendment challenge.

(Doc. 123, p. 39) (citation omitted).

In support, the Eleventh Circuit cited Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) for its explanation

---

testimony given by the Homeland Security agent, which is addressed herein as Ground 2.

> that when defense counsel's failure to litigate a suppression issue is the basis of the ineffectiveness claim, in order to demonstrate prejudice, the defendant must prove that his suppression claim is meritorious, and that there is a "reasonable probability" that the suppression issue the attorney did not advance would have affected the outcome of the case[.]

(Id.).

The same as in Kimmelman, to demonstrate prejudice, McKathan had to prove that had a Fifth Amendment-based motion to suppress been raised by counsel, it would have been meritorious. And as part of that proof, he also had to prove that the evidence he sought to suppress would not have been otherwise admissible. No defect in the integrity of the habeas process having been identified, this argument does not provide any grounds for relief from the post-remand Order denying McKathan's § 2255 motion.

"Ground 4: The 2255 proceedings were defective because the remanded hearing was a judicially manufactured process that is untethered to § 2255."

McKathan argues that

> What has transpired in this case is a judicial hijacking of the 2255 process. The government now claims – 6 years after the fact – that AUSA Williams-Maynard was 'not correct' in the criminal case when she agreed on the record with the court's finding that there's 'clearly no inevitable discovery here." The government further argues that it has been prejudiced by Williams-Maynard's allegedly deficient conduct that but for her incompetence at the Feb. 2015 suppression hearing, the government would have prevailed on the inevitable discovery issue.
>
> Unfortunately, § 2255 does not create a remedy for the United States Attorney's Office. . . . While the jailing of sex offenders notwithstanding their Constitutional rights might be a laudable goal, it is up to Congress to create that remedy, not for the judiciary to invent a process that does not exist.

(Doc. 163, p. 8-9). McKathan then outlines eight reasons why the "government 2255 process" is "absurd" (Id., p. 9). Specifically, eight steps the United States could have taken to either challenge the Court's "finding" of "no inevitable discovery here" at the suppression hearing in the criminal action or argue that the evidence obtained in violation of the Fifth Amendment was otherwise admissible (Id.). McKathan concludes that "[g]etting eight bites at the inevitable discovery apple is procedurally ridiculous." (Id.).

McKathan has failed to show a defect in the integrity of the remand proceedings. Instead, he takes issue with the Eleventh Circuit's decision to allow argument on an issue that McKathan believes was resolved at the suppression hearing – that the Court found no evidence of inevitable discovery with regard to his compelled statements. However, the Eleventh Circuit explained

> When it ruled on McKathan's Fourth Amendment suppression motion in McKathan II, the district court did say that it saw no basis for inevitable discovery on the record before it at that time, and the government did not object. But that did not occur in McKathan's § 2255 Case. And at the time the district court remarked on the inevitable-discovery doctrine, it had just ruled on a clearly unmeritorious Fourth Amendment suppression motion (and the Fifth Amendment argument had not been made at that time). So neither the court nor the government had any reason to actually evaluate any alternative bases for admission of the evidence from McKathan's phone. Under these circumstances, we cannot say that the government waived its right to pursue an inevitable-discovery argument.

(Doc. 123, p. 36, n. 8).

Moreover, this Court has no jurisdiction to vary from the instructions on remand. See United States v. Kirschner, 443 Fed. Appx. 480, 482 (11th Cir. 2011) ("The district court followed our mandate and lacked jurisdiction to do anything more."). No defect in the integrity

15

of the habeas process having been identified, this argument does not provide any grounds for relief from the post-remand Order denying McKathan's § 2255 motion.

"Ground 5: The 2255 proceedings were defective because petitioner was denied a procedural opportunity to examine relevant witnesses and raise additional legal arguments."

McKathan points out that his Probation Officer testified at the remand hearing that in 2014 the Probation Office "did not have a way to get into the phone but we know agencies that did" (doc. 163, p. 10) (citing doc. 161, p. 31). McKathan argues that "no 'agency that did' testified in support of [his Probation Officer's] 'assertion'" and that to so testify "it would violate separation of powers principles."[6] (doc. 163, p. 10). He argues that he was "unable to subpoena witness from the 'agency that did' [examine his cell phone] because the 'agency that did' has never been identified, much less the agent …" (Id., p. 11). He argues that he "was denied a procedural opportunity to question the relevant personnel who would supposedly execute a forensic search about their training or equipment because none of these people have been identified." (Id.)[7]

McKathan is mistaken. Prior to the remand hearing, McKathan's counsel was aware that the cell phone had been delivered to agents of the Department of Homeland Security and that the

---

[6] McKathan asserts that "[w]arrantless searches for evidence of internet use is a judicial act performed by probation officers. If an "agency that did" such as law enforcement was acting as an agent of the probation office to search for evidence of non-crime that would be illegal" (doc. 163, p. 10).

[7] McKathan acknowledged that the United States offered the testimony of an expert regarding methods used to access to cell phones in 2014 but points out that he was not the agent who accessed McKathan's phone (doc. 163, p. 11).

agents examined the cell phone (doc. 127).[8]  Counsel contacted the United States Attorney as to testimony by the lead agent for Homeland Security (doc. 147) and the lead agent testified at the remand hearing (doc. 161, p. 78-86).[9]  Thus, McKathan cannot assert a defect in the integrity of the habeas process on grounds that the agency or agent that examined his cell phone in 2014 has not been identified.  No defect in the integrity of the habeas process having been identified, this argument does not provide any grounds for relief from the post-remand Order denying McKathan's § 2255 motion.

"Ground 6: The 2255 proceedings were defective because the government has corruptly laundered a criminal case through the rules of civil procedure."

McKathan argues that the "2255 proceedings were conducted under the rules of § 2255 and the rules of civil procedure because the 2255 is a civil case" (doc. 163, p. 12).  He also argues that he "has a due process right to have the admissibility of evidence in a criminal case be determined according to the rules of criminal procedure, not the rules of civil procedure." (Id.)  Pointing to testimony and evidence in his § 2255 remand proceedings,[10] he argues that "[b]ecause the government could not use the evidence that it used in the civil case, in petitioner's

---

[8] McKathan's counsel sought production of the "cell phone which was taken by USPO Goodwin . . . and subsequently analyzed by Homeland Security" (doc. 127, p. 1).  Thus, counsel was aware that agents of Homeland Security analyzed the cell phone in 2014.

[9] McKathan's counsel introduced into evidence the request to the Department of Homeland Security Lab for examination of the phone (doc. 161, p. 85, Exhibit 6).

[10] McKathan argues that his Probation Officer and the United States' expert "used compelled testimony and evidence derived therefrom as an 'investigatory lead' which would be prohibited in a criminal case." (doc. 163, p. 13).

criminal case, they have instead laundered the evidentiary ruling through the civil case." (Id., p. 13).

McKathan is mistaken. The Rules Governing Section 2255 proceedings specifically state that "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rules Governing § 2255 Proceedings, Rule 12, 28 U.S.C.A. foll. § 2255. No defect in the integrity of the habeas process having been identified, this argument does not provide any grounds for relief from the post-remand Order denying McKathan's § 2255 motion.

V. Conclusion

For the reasons set forth herein, McKathan failed to show a defect in the integrity of his § 2255 remand proceedings. Accordingly, his motion is DENIED.

To the extent that McKathan's seeks to reassert his claims for relief, or raise new claims, instead of identifying a defect in the integrity of his § 2255 remand proceedings, his motion is the equivalent of a second or successive motion and therefore, barred by 28 U.S.C. § 2255(h). Gonzalez, 545 U.S. 524, 532; Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011). Without approval from the Eleventh Circuit, this Court lacks jurisdiction to address his motion.

DONE and ORDERED this the 16th day of November 2022.

   s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE