IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DENZIL EARL McKATHAN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Criminal Action No. 14-00290-KD-C |
| ) | Civil Action No. 15-00611-KD-C |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This action is before the Court on Petitioner Denzil Earl McKathan's second motion for relief from judgment or order under Rule 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure (doc. 175), the United States' response (doc. 179), and McKathan's reply (doc. 181).[1] Upon consideration, and for the reasons set forth herein, the second motion is MOOT and the amended motion is DENIED.

"When a *pro se* plaintiff brings a motion under Rule 60, the district court may construe it as a § 2255 motion, and if applicable, treat it as an unauthorized second or successive motion." Ramdeo v. United States, 2023 WL 7151995, at *1 (11th Cir. Oct. 31, 2023) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). "However, a Rule 60(b) motion is not impermissibly successive when it 'attacks, not the substance of the federal court's resolution of a claim on the

---

[1] McKathan's motion for default judgment against the United States (doc. 184) is denied. To the extent that Rule 55 of the Federal Rules of Civil Procedure may apply, *see* Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The Federal Rules of Civil Procedure..., to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."), McKathan must first apply for entry of default before seeking a default judgment. Fed. R. Civ. P. 55(a)&(b).

merits, but some defect in the integrity of the federal habeas proceedings.'" Id. (citing Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).

McKathan moves to reopen his 28 U.S.C. § 2255 proceedings "due to unlawful and unconstitutional collusion between certain judicial agents and executive branch agents, and spoliation of evidence" (doc. 175). He asserts that the Administrative Office of the United States Courts ("AO") acting through an Assistant General Counsel ("AGC"), interfered with his § 2255 proceedings by communicating with and giving legal advice to the United States Attorney in this district (doc. 181). As grounds for collusion, McKathan relies upon an October 2016 "communication", an email, to allege that an AGC prepared and sent a "draft letter" to "multiple agents" in the United States Attorney's office for their "use in responding to" a subpoena (doc. 181, Exhibit A). At that time, McKathan had issued four subpoenas including one to an Assistant United States Attorney and one to a United States Probation Officer. As grounds for spoliation, McKathan alleges that a part of the email shows that a "judicial agent" deleted "government files" in connection with the response to the subpoena (doc. 181, Exhibit A). These deleted "government files" appear to be pdf attachments and the identity of the person at the AO who deleted the documents is redacted. McKathan argues that the AO "had a duty to preserve records relevant to the 2255 proceeding." (doc. 181).

McKathan also alleges that this conduct was unlawful because 28 U.S.C. § 207 prevents an officer or employee of the AO from practicing law, directly or indirectly, in any court in the United States. He argues that the AGC violated this law when, with "actual knowledge of a judicial proceeding, [the AGC] sent a 'draft letter' for 'your use in responding to the subpoena' to lawyers for the United States, and offered to provide 'further assistance.'" (doc. 181, citing Exhibit A).

McKathan argues that as a result of this illegal conduct he did not receive a fair § 2255 proceeding. He argues he was "entitled to a 2255 proceeding in which a shadow lawyer" for the AO "was not directly or indirectly practicing law" by providing legal advice the United States Attorney. He also argues that this conduct was "kept hidden" and occurred without his knowledge and therefore, he was "denied an opportunity to subpoena relevant witnesses" from the AO and deprived due process in the proceeding. He alleges that this conduct occurred without the Court's knowledge which also rendered the proceedings unfair.

McKathan received the redacted copy of the email pursuant to a Freedom of Information Act request (doc. 181, doc. 181-1). A close review indicates that the email originated from "ALSP/11/USCOURTS". In this context, "ALSP" stands for "Alabama Southern Probation". The email was sent from the United States Probation Office to the AGC for the AO. In the email, a Probation Office employee requests appointment of counsel. The AGC sent the "draft letter for your use in responding to the subpoena" to the Probation Office employee. Thus, the AGC did not give legal advice to the United States Attorney. Instead, the AGC gave legal advice to an employee of the judicial branch, a Probation Office employee. The United States Attorneys for this district received an email courtesy copy of the request for appointment counsel and the AGC's response because judicial policy requires that procedure. There was no illegal practice of law, no collusion, no spoliation, and no interference or defect in the § 2255 proceedings.

DONE and ORDERED this the 20th day of February 2024.

       s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE