IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DENZIL EARL McKATHAN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Criminal Action No. 14-00290-KD-C |
| ) | Civil Action No. 15-00611-KD-C |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This action is before the Court on Petitioner Denzil Earl McKathan's Motion for Certificate of Appealability (doc. 186). Upon consideration, and for the reasons set forth herein, the motion is motion is DENIED.

McKathan moves the Court for a Certificate of Appealability "with respect to the question of whether the district court erred when it denied Petition[er] relief pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6) due to unlawful interference by a third party – the Assistant General Counsel ("AGC") for the Administrative Office of the United States Courts ("AO")" (doc. 186, p. 1). McKathan argues that reasonable jurists could disagree with the Court's decision because it "decided the motion based on its own conjecture rather than record evidence" and the Court's "conclusions were wrong" (Id.). McKathan argues there is no evidence to support the conclusion that the "Draft Letter email was sent to a Probation employee",[1] to support the conclusion that the

---

[1] McKathan appears to believe that the AGC sent the draft letter to the U.S. Attorney to advise the U.S. Attorney how to respond to the subpoena issued to the U.S. Attorney. ("The court can point to no record evidence that the AGC was even talking about a subpoena to a probation officer.") And thus, engaged in the practice of law in violation of 28 U.S.C. § 607 and violated the provision for separation of powers because a part of the judiciary was advising a part of the executive branch.

1

"PDF deletion email does not establish spoliation",[2] to support the conclusion that "Judicial Policy" requires "Courtesy Copies" be sent to U.S. Attorneys,[3] and to support the conclusion that "28 U.S.C. § 607 was not violated"[4] (doc. 186).  McKathan also argues that the Court erred because it did not obtain a response from the United States Attorney before deciding the issues.

"A Certificate of Appealability [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1). To obtain a COA, McKathan must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). McKathan has not made the requisite showing. Reasonable jurists would not find debatable the merits of McKathan's claim of interference with his § 2255 proceedings.

DONE and ORDERED this the 12th day of March 2024.

 s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[2] McKathan appears to believe that the AO had a duty to preserve evidence and breached that duty because a pdf attachment was deleted from a chain of emails, i.e., spoliation. Deletion from an email chain means that the pdf document was not sent to the next person in the email chain.

[3] McKathan takes issue with the Court's failure to cite to the Judicial Policy. The Court may take judicial notice of its own policies. Fed. R. Evid. 201.

[4] McKathan argues that even if the AGC gave advice to a Probation Officer, a member of the judicial branch, the AGC would still violate 28 U.S.C. § 607 ("An officer or employee of the Administrative Office shall not engage directly or indirectly in the practice of law in any court of the United States."). McKathan argues that "advising the probation officer how to respond to a subpoena in a federal case in which he is a witness is still – at the very least – indirectly practicing law." (doc. 186, p. 2). General Counsel for the AO, among other duties, provides legal counsel and services in response to legal inquiries from judges or other court officers. That is the purpose of general counsel.  The AGC is not "directly or indirectly' engaging "in the practice of law in [a] court of the United States" by giving legal counsel.