IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DENZIL EARL McKATHAN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Criminal Action No. 14-00290-KD-C** |
| ) | **Civil Action No. 15-00611-KD-C** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This action is before the Court on Petitioner Denzil Earl McKathan's third motion for relief from the judgment and order denying his motion pursuant to 28 U.S.C. § 2255. McKathan moves pursuant to Rule 60(b)(4) ("the judgment is void") of the Federal Rules of Civil Procedure (doc. 183) and Clisby v. Jones, 960 F. 2d 925, 936 (11th Cir. 1992). Upon consideration, and for the reasons set forth herein, the third motion is DENIED.

A. Background

The Court initially denied in part and granted in part McKathan's motion to vacate pursuant to § 2255 (docs. 95, 97). His argument that he was not eligible for a 5-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(5) was granted, and he was resentenced (doc. 97). His argument that his guilty plea was not knowing and voluntary because of inadequate assistance of trial counsel was denied (Id.).

The Court of Appeals for the Eleventh Circuit vacated the denial and remanded the § 2255 motion. The Eleventh Circuit found that McKathan "faced a 'classic penalty situation' when his probation officer asked him to answer questions that would reveal he had committed

1

new crimes" (doc. 123, p. 3) (new crimes which resulted in this action). And that the answers and evidence resulting therefrom, were compelled in violation of the Fifth Amendment and inadmissible in a criminal prosecution (Id.) The Eleventh Circuit explained that

> McKathan's attorneys never raised this argument during his criminal proceedings on the newly revealed crimes. Had they done so and on that basis filed a motion to suppress the statements McKathan made and the evidence the government derived from those statements, the government would have had to establish that it nonetheless would have obtained the incriminating evidence against McKathan through other, lawful means. If the government had been unable to do so, it is reasonably likely that McKathan would have prevailed on his suppression motion, and the outcome of McKathan's case would have been different. As a result, McKathan would be entitled to habeas relief upon a showing that his counsel's performance was deficient in failing to raise this argument. But because the current record lacks information concerning whether the evidence derived from McKathan's statements otherwise would have been admissible, we vacate the district court's denial of McKathan's 28 U.S.C. § 2255 motion and remand for further proceedings consistent with this opinion.

(Doc. 123, p. 3-4).

> The Eleventh Circuit explained that in the proceedings on remand, the United States must receive the opportunity to present any evidence and arguments to show that the evidence from McKathan's phone would have otherwise been admissible, and the district court shall rule on any such arguments. Should the district court conclude that the evidence would have been otherwise admissible, it shall deny the § 2255 motion, since filing the Fifth Amendment suppression motion would not have been reasonably likely to change the outcome in McKathan II. But should the district court determine that the evidence would not have been otherwise admissible, it shall address whether McKathan's counsel performed deficiently by failing to raise the Fifth Amendment issue in McKathan II.

(Doc. 123, p. 37) (citation omitted).

The Court held an evidentiary hearing and found that the evidence would have been otherwise admissible (doc. 153). The Court denied McKathan's §2255 motion and denied his

2

Certificate of Appealability. The Eleventh Circuit denied his motion for Certificate of Appealability (doc. 162).

McKathan then moved pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6) (doc. 163). His motion was denied (doc. 169). The Court found that McKathan failed to show a defect in the integrity of the § 2255 proceedings and that to the extent he sought to reassert his claims for relief, or raise new claims, related to the alleged ineffective assistance of counsel, his motion was the equivalent of a second or successive motion and therefore, barred by § 2255(h). The Court also explained that without approval from the Eleventh Circuit, it lacked jurisdiction to address the motion. The Eleventh Circuit affirmed this Court's decisions (doc. 176).[1]

B. Analysis

McKathan now moves pursuant to Fed. R. Civ. P. 60(b)(4) and Clisby v. Jones, 960 F. 2d 925, 936 (11th Cir. 1992) to reopen his § 2255 proceedings (doc. 183). "When a *pro se* plaintiff brings a motion under Rule 60, the district court may construe it as a § 2255 motion, and if applicable, treat it as an unauthorized second or successive motion." Ramdeo v. United States, 2023 WL 7151995, at *1 (11th Cir. Oct. 31, 2023) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). "Rule 60(b) motions should be considered impermissible second or successive § 2255 motions if the movant is attempting to (1) raise a new ground for relief, or (2) attack a federal court's previous disposition of a claim on the merits." Wukoson v. United States, No. 23-10222, 2024 WL 1803087, at *2 (11th Cir. Apr. 25, 2024) (citing Williams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007)).

---

[1] McKathan's motions for relief from his judgment, based on other grounds, were denied (docs. 175, 181, 184, 185, 164, 167).

3

"Conversely, a Rule 60(b) motion that merely attacks a defect in the integrity of the federal habeas proceeding, such as an allegation that the district court failed to reach the merits of a movant's claims, should not be deemed second or successive, and the district court may rule on such a motion." Id. (citing Gonzalez v. Crosby, 545 U.S. 524, 532, 538 (2005) and citing Santa v. United States, 492 Fed. Appx. 949, 950-51 (11th Cir. 2012) (unpublished)). "Generally, to attack a defect in the integrity of the § 2255 proceedings … the Rule 60(b) motion must allege a fraud on the court or a procedural error that prevented the court from reaching the merits of the § 2255 motion." Howell v. United States, 2022 WL 175484, at *2 (11th Cir. Jan. 19, 2022) (citation omitted).  Overall, a "district court must resolve all claims for relief—defined as any allegation of a constitutional violation—raised in a § 2255 motion, regardless of whether relief is granted or denied and regardless of whether the claims for relief arise out of the same operative facts." Howell, 2022 WL 175484, at *2 (citing Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*) and Rhode v. United States, 583 F.3d 1289, 1291–92 (11th Cir. 2009) (applying *Clisby* in the § 2255 context)).

McKathan alleges a defect in the integrity of his § 2255 proceedings. He argues that

> The courts judgment is void because [he] has never had an un-obstructed opportunity to prove his immunity and that the indictment was due to be dismissed, despite raising the issue pro se. This is because a Federal Magistrate Judge usurped Article III power by ruling on these dispositive issues prior to an evidentiary hearing without de novo review by an Article III judge.

(Doc. 183, p. 2) (*sic*).

As background, McKathan states that when he filed his *pro se* § 2255 motion to vacate, he argued that counsel was ineffective for failing to file a motion to dismiss the indictment on grounds that he should have been immune under the Fifth Amendment (doc. 183, p. 2, citing

4

doc. 51, the *pro se* motion). McKathan also states that in his reply to the United States' response, he argued that "'a competent attorney would have filed a motion to dismiss' and that he "specifically told the court that '[n]o indictment should have ever issued." (Id., citing doc. 54, p. 16, the reply). He also argued that he should have been "provided immunity with respect to the compelled disclosures", i.e., not indicted (Id., citing doc. 54, p. 15)

On pages 13-16 of the reply, and relevant to this motion, McKathan argued that the United States had engaged in prosecutorial misconduct because it presented evidence to the grand jury that had been obtained in violation of the Fifth Amendment. He also argued that a competent attorney would have filed a motion to dismiss the Indictment on these grounds. He argued that

> To the extent that Respondent seeks to do away with the Fifth Amendment, Respondent should seek to do so through the amendatory process to the Constitutions *and not by abuse of the grand jury process and baseless prosecution*. No indictment should have ever issued. Any indictment that did issue would have placed a burden upon the court to act sua sponte and dismiss it by exercising its supervisory powers over the administration of justice. In the alternative, a competent attorney would have filed a motion to dismiss. Respondent has distorted the facts and misrepresented the law to the court. *Prosecutorial abuse of the grand jury process has taken place to initiate a series of proceedings that are nothing short of fraudulent*.

(Doc. 54, p. 15-16) (emphasis added).

McKathan points out that after he filed this reply, the Magistrate Judge appointed counsel for the purpose of filing an amended motion and explained that the amended motion would supersede the *pro se* motion and become the operative pleading (doc. 55). The Magistrate Judge ordered appointed counsel to file an amended motion which would clarify the issues, stating that "[a]s it stands now, the undersigned is finding it hard to identify all issues petitioner wishes this

5

Court to address (*compare* Doc. 51 [pro se motion to vacate] *with* Doc. 54 [reply]).” (Id.) (citing Footnote Four). The Magistrate Judge also set an evidentiary hearing (Id.).

The alleged usurpation of Article III authority occurred in Footnote Four, as follows:

Moreover, the Court is unable to wrap its head around certain arguments petitioner seems to be making. For instance, his suggestion in his reply that the indictment should have been dismissed because any and all evidence before the grand jury was tainted (*see* Doc. 54, at 2) can simply find no traction given that an indictment is not invalidated by the grand jury's consideration of incompetent or unconstitutionally-obtained evidence. *See Bracy v. United States*, 435 U.S. 1301, 1302, 98 S.Ct. 1171, 1172, 55 L.Ed.2d 489 (1978) (denying application) (“The grand jury does not sit to determine the truth of the charges brought against a defendant, but only to determine whether there is probable cause to believe them true, so as to require him to stand his trial. Because of this limited function, we have held that an indictment is not invalidated by the grand jury's consideration of hearsay, . . ., or by the introduction of evidence obtained in violation of the Fourth Amendment . . . . While the presentation of inadmissible evidence at trial may pose a substantial threat to the integrity of that factfinding process, its introduction before the grand jury poses no such threat.”); *United States v. Calandra*, 414 U.S. 338, 344-345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974) (“The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence . . .[,] or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination[.]”); *In re Grand Jury Proceedings*, 142 F.3d 1416, 1425 (11th Cir. 1998) (“Recognizing the independence of the grand jury, the Court has explained that although the grand jury 'may not itself violate a valid privilege,' it may consider incompetent evidence . . ., as well as evidence obtained in violation of the Fourth Amendment. . . . Furthermore, Supreme Court precedent suggests that a grand jury indictment obtained through the use of evidence previously obtained in violation of the privilege against self-incrimination is nonetheless valid.”). Against this backdrop, petitioner's additional prosecutorial misconduct argument related to evidence presented to the grand jury (see Doc. 54, at 13-16) obviously fails, the cases cited by McKathan, *United States v. Hubbell*, 530 U.S. 27, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000) and *United States v. Holloway*, 74 F.3d 249 (11th Cir. 1996) being factually and legally inapposite to the present case. *Compare Hubbell, supra*, 530 U.S. at 29-30, 120 S.Ct. at 2040 (“The two questions presented concern ***the scope of a witness' protection against compelled self-incrimination***: (1) whether the Fifth Amendment privilege protects a [] ***witness*** from being

6

> compelled to disclose the existence of incriminating documents that the Government is unable to describe with reasonable particularity; and (2) ***if the witness produces such documents pursuant to a grant of immunity***, whether 18 U.S.C. § 6002 prevents the Government from using them to prepare criminal charges against him." (footnotes omitted; emphasis supplied)) with *Holloway, supra*, 74 F.3d at 250 ("In this criminal appeal, ***the district court dismissed an indictment because an assistant United States Attorney***, at the taking of depositions in a civil matter, ***assured the appellees that no criminal prosecutions would be brought against them***. We affirm." (emphasis supplied)).

(Doc. 55, p. 3-4) (emphasis in original).[2]

Based upon footnote four, McKathan argues that "Article III Power" was usurped when

> [his] pro se motion to vacate was assigned to a Magistrate who opined that petitioner's argument "that the indictment should have been dismissed . . . can simply find no traction" [ ]. The Magistrate also opined that "the cases cited by McKathan … being factually and legally inapposite to the present case" Id. While those cases are clearly not "inapposite", the Magistrate disposed of them, which only an Article III judge can do.

(Doc. 55, p. 3-4).

McKathan argues that the Magistrate Judge should not have disposed of his argument. He argues that the Magistrate Judge should have held an evidentiary hearing on this issue, and issued a report and recommendation to which McKathan could object, and "which would then be subject to Article III review" (doc. 183, p. 5). He argues that ruling on this issue in this manner denied him due process and resulted in a "Clisby error by precluding Article III review" (Id.)[3]

---

[2] On page 2 of the reply, McKathan argued that "Presumably, to obtain an indictment, the government presented evidence of some kind to the grand jury. Yet there exists no untainted evidence and by introducing compelled testimony or evidence derived therefrom, the Fifth Amendment was violated, as, 'A grand jury proceeding is at the heart of a criminal case. Without an indictment there is no trial' [citation omitted]. The indictment itself was constitutionally invalid and should have been dismissed." (doc. 54, p. 2, 14).

[3] McKathan appears to rely on Clisby for the holding that the district courts must resolve all

McKathan perceives the statement in Footnote Four as dispositive of his argument of prosecutorial misconduct and ineffective assistance of counsel. McKathan argues that "in this context", with this issue having been decided by the Magistrate Judge, appointed counsel filed an amended motion, which "omitted any ineffective assistance of counsel claims based of Counsel's advice to plead guilty despite immunity and despite an invalid indictment" (Id., p. 4) (*sic*). Review of the amended motion (doc. 61) indicates that appointed counsel did not raise this argument.

McKathan argues that "these errors" were initially harmless, because the amended motion focused on suppression of the evidence. He points out that "[s]ince the government's knowledge that a crime was even occurring was derived from compelled testimony there would be no functional distinction from suppressing all evidence of a criminal activity and dismissing the indictment." (doc. 183, p. 5). He argues that "only after the 11th Circuit used oral argument to *sua sponte* raise inevitable discovery and ordered a second evidentiary hearing that those harmless errors [by the Magistrate Judge] became harmful." (Id., p. 5-6) (bracketed text added).

The Court finds no defect in the § 2255 proceedings.  The Magistrate Judge's statements in Footnote Four were not a dispositive decision or order, and thus review by a district judge was not necessary.  An overall reading of the Order indicates that the Magistrate Judge gave the movant guidance as to issues that needed clarification.  The Order discussed some of the arguments raised by the parties, explained that an evidentiary hearing was necessary, set the hearing, and appointed counsel (doc. 55).  Footnote Four grew out of this paragraph:

> In addition, setting an evidentiary hearing and appointing counsel will also

---

claims for relief raised in habeas proceeding, "regardless of whether relief is granted or denied." Clisby, 960 F.2d at 936.

allow the Court to "streamline" this case and determine the exact issues petitioner intends to "press" in his motion to vacate by requiring counsel to file an amended motion to vacate which specifically delineates and identifies the issues. As it stands now, the undersigned is finding it hard to identify all issues petitioner wishes this Court to address[3] (compare Doc. 51 with Doc. 54).[4]

(Doc. 55, p. 3).

In Footnote Four the Magistrate Judge explained that the "Court is unable to wrap its head around certain arguments petitioner seems to me making" (Id.). He then used McKathan's argument that the Indictment should have been dismissed because the United States presented evidence obtained in violation of the Fifth Amendment to the grand jury (i.e., "prosecutorial misconduct") as a "For instance," or example of the confusing arguments or non-viable claims which appointed counsel should sort and clarify (Id.). Footnote Four followed Footnote Three wherein the Magistrate Judge also expressed confusion regarding McKathan's claims, concluding that "Appointed counsel can certainly put an end to all such confusion." (Id.).

Moreover, McKathan's appointed counsel filed an amended § 2255 motion which clarified the issues and superseded the earlier pro se motion and reply (doc. 61). McKathan's pro se argument - that the United States engaged in prosecutorial misconduct by presenting evidence to the grand jury that was obtained in violation of the Fifth Amendment which resulted in an invalid Indictment and that counsel was ineffective for failing to move to dismiss the Indictment on these grounds - was abandoned.

DONE and ORDERED this the 10th day of October 2024.

   s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE