IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 14-00290-KD-C |
| | ) |
| DENZIL EARL McKATHAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Denzil Earl McKathan's Motion to Correct Clerical Error pursuant to Fed. R. Crim. P. 36 (doc. 196). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

I. Relevant Background

In July 2017, at McKathan's resentencing, the Court orally imposed the following condition:

> And you will be restricted on any device that has internet access. And you will be subject to examination of any internet-capable device as part of your post-serving release.

(Doc. 195, p. 4, Transcript). Defense counsel objected, as follows:

> MR. MADDEN: … The internet access thing -- and I don't know what the world is going to look like in 15 years. But I do know that it will be virtually impossible -- or I believe that -- for a citizen to function without internet access. Now restrictions on internet access -- I don't know if they'll call it internet at that time. But restrictions in light of the criminal conduct that's been adjudicated is reasonable. But blanket I think is -- goes too far. And there are cases that say that, and they're starting to recognize –

The Court then clarified the scope of the condition and overruled the objection, as follows:

1

> THE COURT: I said there will be computer restrictions, not you couldn't have access to the computer.
>
> MR. MADDEN: No ban.
>
> THE COURT: And next one is examination of any internet-capable device.
>
> MR. MADDEN: All right. With that understanding, I think that's it. Thank you. …
>
> THE COURT: Well, your objections are overruled, but you've preserved them for the record.

(Doc. 195, p. 6-7, Transcript).

Special Condition 3(b) in the amended judgment, reflects the Court's oral pronouncement and sets forth as follows:

> b. the defendant shall not possess or use a computer with access to any "on-line computer service" at any location (including employment) without the permission of the Probation Office.

(Doc. 117, p. 3).

II. <u>Analysis</u>

McKathan moves pursuant to Rule 36 of the Federal Rules of Criminal Procedure. The Rule provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "Rule 36 may not be used to make a substantive alteration to a criminal sentence." <u>United States v. Zano</u>, No. 23-12716, 2024 WL 2828867, at *2 (11th Cir. June 4, 2024) (citing <u>United States v. Davis</u>, 841 F.3d 1253, 1261 (11th Cir. 2016)). However, "[w]here there is any discrepancy between the [written judgment and the oral

2

pronouncement], a court's oral pronouncement of a sentence rules over the written judgment." Id. (citing United States v. Khoury, 901 F.2d 975, 977 (11th Cir. 1990)) (bracketed text added).

McKathan seeks modification of Special Condition 3(b) in his conditions of supervision on grounds that, as written, 3(b) does not conform to the oral pronouncement of sentence at his resentencing. McKathan argues that

> [a]s written, this condition allows the Probation Office the discretion to allow or deny internet access as it sees fit. In its July 26, 2017 oral pronouncement, the court gave the Probation Officer (a non-article III officer) no such power or discretion. In fact, when defendant's counsel objected on the basis that "It will be virtually impossible . . . for a citizen to function without internet access," the Court clarified that it had done no such thing, stating "I said there will be computer restrictions not you couldn't have access to the computer."

(Doc. 196). McKathan argues that "in light of the Court's clarifying language, defense counsel stated his understanding of the Court's sentence - 'No Ban'" (doc. 196, p. 2).

McKathan appears to believe that because the Court did not orally pronounce that the Probation Office would set the internet-access/computer restrictions, the oral pronouncement conflicts with the judgment. The Court finds no conflict or error to correct. The Court pronounced that during supervision, McKathan's internet access would be restricted. That his access will be as permitted by the Probation Office, i.e., restricted, does not create a disparity between the oral pronouncement and the written judgment.

McKathan also argues that the Court should replace Condition 3(b) with the following:

> The defendant shall cooperate with the United States Probation Office Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant shall inform all parties that access a monitored computer, or similar electronic

3

> device, that the device is subject to search and monitoring. The defendant may be limited to possessing only one personal Internet capable device, to facilitate the ability to effectively monitor his/her Internet related activities. The defendant shall also permit random examinations of said computer systems, Internet capable devices, and similar electronic devices, and related computer peripherals, such as CD's under his/her control.

(Doc. 196, p. 2).  McKathan points out that this district court has imposed this Condition upon similar offenders (Id.).

The Court reviewed the judgments entered for the similar offenders and finds that this Condition was imposed.  However, McKathan is already subject to substantially similar conditions, as follow:

> 3(c) the defendant shall consent to periodic, unannounced examinations of any internet capable device, which may include retrieval and copying of all data to ensure compliance with this condition, and/or removal of such equipment for the purpose of conducting a more thorough inspection. …
>
> 4) the defendant shall submit his person, house, residence, vehicle(s), papers, [computers (as defined by 18 U.S.C. Section 1030(e)(1)) or other electronic communications or data storage devices of medial, business or place of employment, and any other property under the defendant's control to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search in accordance with this condition may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

(Doc. 117. p. 3).

Moreover, in each of the judgments, the similar defendants were also subject to the following Condition, the same as McKathan:

4

> The defendant shall not possess or use a computer with access to any "on-line computer service" at any location (including employment) without the permission of the Probation Office.

See United States v. Vallejo-Devora, Criminal Action No. 22-00185-TFM (S.D. Ala. 2022) (doc. 52, July 10, 2023); United States v. Tyler, Criminal Action No. 21-00151-TFM (S.D. Ala. 2021) (doc. 65, Oct. 14, 2022); United States v. Howell, Criminal Action No 19-00013-CG (S.D. Ala. 2019) (doc. 148, Feb. 19, 2021); United States v. Smith, Criminal Action No. 17-00105-CG (S.D. Ala. 2017) (doc. 36, Jan. 22, 2019).

III. Conclusion

Accordingly, for the reasons set forth herein, McKathan's motion is denied.

DONE and ORDERED this the 11th day of October 2024.

                                s/ Kristi K. DuBose
                                KRISTI K. DuBOSE
                                UNITED STATES DISTRICT JUDGE