IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DENZIL EARL McKATHAN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Criminal Action No. 14-00290-KD-C |
| ) | Civil Action No. 15-00611-KD-C |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This action is before the Court on Petitioner Denzil Earl McKathan's fourth motion for relief from the judgment and order denying his motion pursuant to 28 U.S.C. § 2255 (doc. 200).

A. Background

The Court initially denied in part and granted in part McKathan's motion to vacate pursuant to § 2255 (docs. 95, 97). His argument that he was not eligible for a 5-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(5) was granted, and he was resentenced (doc. 97). His argument that his guilty plea was not knowing and voluntary because of inadequate assistance of trial counsel was denied (Id.).

The Court of Appeals for the Eleventh Circuit vacated the denial and remanded the § 2255 motion. The Eleventh Circuit found that McKathan "faced a 'classic penalty situation' when his probation officer asked him to answer questions that would reveal he had committed new crimes" (doc. 123, p. 3) (new crimes which resulted in this action). And that the answers and evidence resulting therefrom, were compelled in violation of the Fifth Amendment and inadmissible in a criminal prosecution (Id.) The Eleventh Circuit explained that

1

> McKathan's attorneys never raised this argument during his criminal proceedings on the newly revealed crimes. Had they done so and on that basis filed a motion to suppress the statements McKathan made and the evidence the government derived from those statements, the government would have had to establish that it nonetheless would have obtained the incriminating evidence against McKathan through other, lawful means. If the government had been unable to do so, it is reasonably likely that McKathan would have prevailed on his suppression motion, and the outcome of McKathan's case would have been different. As a result, McKathan would be entitled to habeas relief upon a showing that his counsel's performance was deficient in failing to raise this argument. But because the current record lacks information concerning whether the evidence derived from McKathan's statements otherwise would have been admissible, we vacate the district court's denial of McKathan's 28 U.S.C. § 2255 motion and remand for further proceedings consistent with this opinion.

(Doc. 123, p. 3-4).

The Eleventh Circuit explained that in the proceedings on remand, the United States

> must receive the opportunity to present any evidence and arguments to show that the evidence from McKathan's phone would have otherwise been admissible, and the district court shall rule on any such arguments. Should the district court conclude that the evidence would have been otherwise admissible, it shall deny the § 2255 motion, since filing the Fifth Amendment suppression motion would not have been reasonably likely to change the outcome in McKathan II. But should the district court determine that the evidence would not have been otherwise admissible, it shall address whether McKathan's counsel performed deficiently by failing to raise the Fifth Amendment issue in McKathan II.

(Doc. 123, p. 37) (citation omitted).

The Court held an evidentiary hearing and found that the evidence would have been otherwise admissible (doc. 153). The Court denied McKathan's § 2255 motion and denied his Certificate of Appealability. The Eleventh Circuit denied his motion for Certificate of Appealability (doc. 162).

2

McKathan then moved pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6) (doc. 163). His motion was denied (doc. 169). The Court found that McKathan failed to show a defect in the integrity of the § 2255 proceedings and that to the extent he sought to reassert his claims for relief, or raise new claims, related to the alleged ineffective assistance of counsel, his motion was the equivalent of a second or successive motion and therefore, barred by 28 U.S.C. § 2255(h). The Court also explained that without approval from the Eleventh Circuit, it lacked jurisdiction to address the motion. The Eleventh Circuit affirmed this Court's decisions (doc. 176).

McKathan again moved pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6) to reopen his § 2255 habeas proceedings (doc. 175). The United States' motion for a more definite statement was granted and McKathan filed an amended motion (doc. 181). As defects in the § 2255 proceedings, he alleged unlawful and unconstitutional collusion between the Administrative Office of the U.S. Courts (the judicial branch) and the United States Attorney (the executive branch), spoliation of evidence, and unauthorized practice of law on the part of an assistant counsel for the AO. His claims were based on a series of emails obtained by a Freedom of Information Act request. The motion was denied (doc. 185). The Court denied his application for a Certificate of Appealability (doc. 186). The Eleventh Circuit also denied McKathan's application for a Certificate of Appealability (doc. 197).

McKathan again moved pursuant to Rule 60(b)(4) and Clisby v. Jones, 960 F. 2d 925, 936 (11th Cir. 1992) (doc. 183). As a defect in the habeas proceedings, he argued that the Magistrate Judge usurped Article III power by disposing of an argument. Specifically, in his reply, McKathan argued that his trial counsel was ineffective for not arguing that the United States Attorney engaged in prosecutorial misconduct by presenting tainted evidence to the Grand

Jury. McKathan believed the evidence was tainted because it had been obtained in violation of his 5th Amendment privilege against self-incrimination. The Magistrate Judge stated in the Report and Recommendation that this argument "can simply find no traction given that an indictment is not invalidated by the grand jury's consideration of incompetent or unconstitutionally obtained evidence" (doc. 198, p. 7, citing doc. 55, p. 3-4, n.4).

McKathan's motion was denied (doc. 198). The Court found that the Magistrate Judge's statement was "not a dispositive decision or order, and thus review by a district judge", i.e., and Article III judge, "was not necessary" (Id.). The Court also stated that McKathan's § 2255 counsel did not pursue this ineffective assistance of counsel argument when the amended § 2255 motion was filed (Id.). Thus, there was no defect in the § 2255 proceedings.

B. Analysis

McKathan moves pursuant to Rule 60(b)(4) and 60(b)(6) (doc. 200). "When a *pro se* plaintiff brings a motion under Rule 60, the district court may construe it as a § 2255 motion, and if applicable, treat it as an unauthorized second or successive motion." Ramdeo v. United States, 2023 WL 7151995, at *1 (11th Cir. Oct. 31, 2023) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). "Rule 60(b) motions should be considered impermissible second or successive § 2255 motions if the movant is attempting to (1) raise a new ground for relief, or (2) attack a federal court's previous disposition of a claim on the merits." Wukoson v. United States, No. 23-10222, 2024 WL 1803087, at *2 (11th Cir. Apr. 25, 2024). In the alternative, a Rule 60(b) motion may be used to "attack a defect in the integrity of the § 2255 proceedings" and in that circumstance, the "motion must allege a fraud on the court or a procedural error that prevented the court from reaching the merits of the § 2255 motion." Howell v. United States,

4

2022 WL 175484, at *2 (11th Cir. Jan. 19, 2022) (quoting Dickey v. United States, 856 Fed. Appx. 809, 811 (11th Cir. 2021).

As a defect in the habeas proceedings, McKathan argues that his § 2255 counsel was constitutionally ineffective because counsel did not include the above-discussed ineffective assistance of trial counsel claim in the amended § 2255 motion. McKathan argues that "no competent attorney would have amended out the pro se claims of immunity or an invalid indictment given the wealth of precedent supporting those claims" (Id., p. 2). He argues that "[b]ecause the judgment denying [his] § 2255 motion is the product of ineffective assistance of counsel, the court should reopen the 2255 proceeding so that [he] may proceed on his immunity/invalid indictment claims as originally raised in the pro se pleadings without the obstruction of a lawyer that was never requested." (Id.).

McKathan's motion is due to be dismissed because his "ineffective assistance of §2255 counsel claim is an attempt to relitigate his claim that his trial attorney was ineffective". Dickey, 856 Fed. Appx. at 812. As the Court of Appeals for the Eleventh Circuit has explained:

> While [Dickey] couches his argument in procedural terms -- that the court was precluded from reaching the merits because of some procedural problem or because of the ineffectiveness of his § 2255 counsel – Dickey is simply attacking the district court's resolution of the merits of his ineffective assistance of counsel claim. See Gonzalez, 545 U.S. at 532 n.5, 125 S.Ct. 2641. It is unclear how his § 2255 counsel abandoned his ineffective assistance of trial counsel claim, as Dickey argues, because the district court held an evidentiary hearing about it with testimony from his trial attorneys. And Dickey provides no support for his proposition that a district court is somehow precluded from reaching the merits of an ineffective assistance of counsel claim because of a disagreement between the prisoner and his § 2255 counsel about how to best present that claim.

Dickey, 856 Fed. Appx. at 812

Before this Court may address McKathan's second or successive § 2255 motion, he must obtain an order from the Eleventh Circuit authorizing this Court to consider his motion. 28 U.S.C. § 2255(h) and § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts (a party must obtain authorization from the appropriate court of appeals before presenting a second or successive motion). The Eleventh Circuit has explained that without authorization, the district courts lack jurisdiction to consider a second or successive motion. Baker v. United States, 791 Fed. Appx. 884 (11th Cir. Jan. 28, 2020) (quoting United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)).

C. Conclusion

Since McKathan has not obtained authorization from the Eleventh Circuit, his motion is dismissed for lack of jurisdiction.

D. Certificate of Appealability

A "certificate of appealability is not required if the district court dismisses a § 2255 motion for lack of jurisdiction." Cobb v. United States, No. 22-13909, 2024 WL 470346, at *1, n.1 (11th Cir. Feb. 7, 2024) (citing Becker v. Montgomery, 532 U.S. 757, 765–66 (2001) and Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004)).

DONE and ORDERED this the 2nd day of July 2025.

     s/ Kristi K. DuBose
     KRISTI K. DuBOSE
     UNITED STATES DISTRICT JUDGE